**In re Joseph W. WATFORD and Doris F. Watford, Debtors.**

**Joseph W. WATFORD and Doris F. Watford, Movants–Appellants,**

v.

**FEDERAL LAND BANK OF COLUMBIA, Respondent–Appellee.**

**Civ. A. No. 88–46–VAL (WDO).**

United States District Court,
M.D. Georgia,
Valdosta Division.

Nov. 1, 1988.

Richard J. Tuneski, Atlanta, Ga., J. Carroll Sherwood, Jr., Valdosta, Ga., for movants-appellants.

Lillian Lockary, Macon, Ga., for respondent-appellee.

OWENS, Chief Judge:

Appellants Joseph W. and Doris F. Watford are before this court seeking review of the bankruptcy court's order of March 7, 1988, granting the motion of the Federal Land Bank of Columbia for dismissal of the debtors' Chapter 12 case, and order of March 23, 1988, denying the debtors' motion for reconsideration. These are deemed final orders within the meaning of Bankruptcy Rule 8001(a) and this appeal is taken as a matter of right pursuant to 28 U.S.C. § 158(a). Bankruptcy Rule 8013 sets forth the standard of review for appeal: "Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses."

On July 28, 1987, debtors Joseph W. and Doris F. Watford petitioned for relief under Chapter 12 of Title 11, United States Code. On September 24, 1987, the debtors filed a motion for use of cash collateral and a hearing on the motion was held December 7, 1987. The bankruptcy court denied the motion in an order entered December 17, 1987, on the basis that the debtors' offer of adequate protection was insufficient to protect the value of the creditor's security interest.

On January 25, 1988, the Federal Land Bank of Columbia, as a creditor, moved to convert or dismiss the debtors' Chapter 12 case based on the contention that the debtors did not qualify for relief under Chapter 12 because they were not "family farmers" as defined in the Bankruptcy Code. Following a hearing on March 2, 1988, the bankruptcy court entered an order dated March 7, 1988, dismissing the Chapter 12 petition. On March 22, 1988, a hearing was held on the debtors' motion for reconsidera-

tion of the bankruptcy court's order dismissing the debtors' Chapter 12 petition. On March 23, 1988, the court entered an order denying the motion for reconsideration. The debtors then appealed to the United States district court.

The debtors claim that the bankruptcy court's determination that they were not "family farmers" at the time of filing as defined by 11 U.S.C. §§ 101(17) and (20) is clearly erroneous. The income and debt requirements of 11 U.S.C. § 101(17) are not contested. The only issue is whether the debtors were, at the time of filing, "engaged in a farming operation" as contemplated by 11 U.S.C. §§ 101(17) and (20).

The debtors have offered three main arguments as to why they should be determined to be family farmers engaged in a farming operation at the time of filing:

(1) Because they were engaged in the business of catching and selling stone crab claws from the Gulf of Mexico, or in Mr. Watford's words, "farming the sea";

(2) Because they were planning to develop ponds on their property to which permits would be sold allowing access for recreational fishing and camping in conjunction with the additional purpose of commercial catfish production;

(3) And because they were storing and maintaining, while awaiting sale, approximately 11,700 bushels of soybeans grown by the debtors.

The term "farming operation" is defined in 11 U.S.C. § 101(20), which states: " 'farming operation' includes farming, tillage of the soil, dairy farming, ranching, production or raising of crops, poultry or livestock, and production of poultry or livestock products in an unmanufactured state." In considering this definition in *Federal Land Bank of Columbia v. McNeal,* 77 B.R. 315 (S.D.Ga.1987), Judge Alaimo noted that the courts have recognized that the definition of "farming operations" does not provide an all inclusive list of tasks and activities and, therefore, is not limited to the operations specifically listed. However, he also noted that courts have warned against interpreting the statute so broadly as to eliminate the definition alto-

gether by including operations clearly outside the nature or practices normally associated with farming.

■ The debtors cite no authority to support their contention that their crabbing business is a farming operation. Upon reviewing the record, this court finds that the bankruptcy court's refusal to extend the definition of "farming operation," as contemplated by 11 U.S.C. § 101(20), to include crabbing is not clearly erroneous.

The case of *In re Tart,* 73 B.R. 78, 81 (Bankr.E.D.N.C.1987), held that the language of § 101(17) requires more than that a "family farmer" be engaged in a farming operation during the tax year preceding the year in which the petition was filed. The case of *In re Haschke,* 77 B.R. 223 (Bankr. D.Neb.1987), held that debtors not engaged in a farming operation when their petition is filed are not eligible for Chapter 12 relief.

At the hearing of March 2, 1988, the judge ruled that the development of ponds for recreational use could not be considered a farming operation under § 101(20), while noting that there were cases that recognized the raising of catfish on catfish farms as a valid farming operation for Chapter 12 purposes. It was not until the third hearing, on March 22, 1988, that the debtor offered testimony that he planned to go into the commercial production of catfish. At this hearing, because § 101(17) requires that the farming operation be engaged in at the time of filing, the judge ruled that the testimony of the debtors' plans for developing ponds, whether for recreation or for catfish farming, is irrelevant because not only were these operations not being engaged in at the time of filing, they were not being engaged in at the time of the hearing eight months later.

■ Concerning the argument that storage and maintenance of soybeans while awaiting sale qualified as a farming operation under § 101(20), the bankruptcy court heard additional evidence on the required maintenance of the beans and fans in the storage bins, but ruled that this still was not enough for the storage and mainte-

nance function alone to amount to a farming operation. The court reasoned that if a storage operation were part of an ongoing farming operation which included tillage of the soil or other operations contemplated by § 101(20), then any income or debt associated with the storage function would be included as part of that of the farming operation. However, the court found that if only the storage and maintenance, exclusive of any other farming operation, were being carried on, then it is not a farming operation and does not qualify the debtor for Chapter 12 relief. In *In re Haschke,* 77 B.R. 223 (Bankr.D.Neb.1987), the court held that mere marketing and storage of crops does not constitute "production or raising of crops" pursuant to § 101(20), so the debtors were not engaged in a farming operation when they filed their petition and, therefore, were not eligible for Chapter 12. *See also In re Tart,* 73 B.R. 78 (Bankr.E.D.N.C.1987).

Upon reviewing the record, this court finds that the bankruptcy court's determination that the debtors' crabbing operation, storage and maintenance of soybeans, and proposed recreational fishing and camping facility, are not "farming operations" as contemplated by 11 U.S.C. § 101(20) is not clearly erroneous. Also, the bankruptcy court's finding of irrelevance concerning the debtors' proposed commercial catfish farm because it was not engaged in at the time of filing is not clearly erroneous. Therefore, the debtors do not meet the jurisdictional requirements of 11 U.S.C. §§ 101(17) and (20) to be eligible for relief as family farmers under Chapter 12. For this reason, the ruling of the bankruptcy court is AFFIRMED.

SO ORDERED.